# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DENNIS ATIYEH | : |
| DENNIS ATIYEH, Appellant, | : |
| v. | : CIVIL ACTION NO. 12-2014 |
| UNITED STATES TRUSTEE, Appellee. | : |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                  **January 3, 2013**

      Appellant, Dennis Atiyeh, appeals *pro se* from the Bankruptcy Court's order dated March 1, 2012. For the following reasons, the Court will affirm the order of the Bankruptcy Court, and writes primarily for the parties, who are familiar with the long history of the bankruptcy case.

## I. PROCEDURAL HISTORY

      On March 1, 2010, Appellant filed a voluntary petition under Chapter 12 of the Bankruptcy Code. On Appellant's own motion, the case was converted to a Chapter 11 proceeding on September 8, 2011.[1] Appellee, the United States Trustee, filed a motion to dismiss the case pursuant to 11 U.S.C. § 1112(b).[2] Appellant filed a motion to convert his case

---

[1] Index of Record on Appeal Doc. No. 55.

[2] The statute provides in relevant part that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b).

back to Chapter 12. The Bankruptcy Court held a hearing on both motions on January 12, 2012, and by separate orders issued the same day, granted Appellee's motion to dismiss and denied Appellant's motion to reconvert. Appellant filed a motion to reconsider the orders on February 13, 2012, and after a hearing on March 1, 2012, the Bankruptcy Court denied the reconsideration motion. Appellant then appealed from both the January 12, 2012, and March 1, 2012, orders.

After the appeals were filed in this Court, Appellee filed a motion to dismiss the appeal as to the January 12, 2012 orders. By order dated August 17, 2012, the Court dismissed for lack of jurisdiction Appellant's appeal of the orders entered by the Bankruptcy Court on January 12, 2012.[3] The Court retained jurisdiction over Appellant's appeal of the order entered by the Bankruptcy Court on March 1, 2012, denying the motion for reconsideration of the January 12, 2012 orders. The Court issued a briefing schedule, with which Appellant did not initially comply, but both Appellant and Appellee have now submitted briefs.

## II.  STANDARD OF REVIEW

A district court, sitting as an appellate tribunal, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further

---

[3] As explained in the August 17, 2012 order, Bankruptcy Rule 8002 provides that a notice of appeal must be filed within 14 days of the date of the entry of the order appealed from, Fed. R. Bankr. P. 8002(a), but the time to appeal is tolled while a timely motion to alter or amend an order is pending. Fed. R. Bankr. P. 8002(b). Appellant's motion for reconsideration had to be filed within 14 days from entry of the Bankruptcy Court's orders to be timely. In re Abdul-Malik, 143 F. App'x 476, 478 (3d Cir. 2005); Fed. R. Bankr. P. 8002(b). Appellant did not file the motion for reconsideration until February 13, 2012, 32 days after the entry of the January 12, 2012 orders, and did not file a notice of appeal from the January 12 orders until March 15, 2012, after the motion for reconsideration was denied. Because the 30-day appeal period set forth in Bankruptcy Rule 8002 is jurisdictional and non-waivable, In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011), and Appellant did not file a notice of appeal or a motion for reconsideration within the mandatory 14-day period, the appeal from the January 12, 2012, orders of the Bankruptcy Court was dismissed.

proceedings."[4] The denial of a motion for reconsideration is reviewed for an abuse of discretion, but underlying legal determinations are reviewed *de novo* and factual determinations for clear error.[5] The district court may affirm the correct decision of the bankruptcy court on grounds different than those relied upon by that court.[6] The district court also may affirm on any basis for which it finds support in the record.[7]

**III. DISCUSSION**

The issue remaining in this appeal is whether the Bankruptcy Court properly denied the motion for reconsideration. The Bankruptcy Court cited two reasons for the denial: first, that it lacked jurisdiction over the motion because it was filed more than 14 days after entry of the January 2, 2012 orders, and second, that the motion lacked merit.[8]

Although Appellant did not raise the argument, the Trustee contends that the Bankruptcy Court erred in holding that it lacked jurisdiction to decide an untimely motion for reconsideration. Based upon recent Supreme Court case law, the Bankruptcy Court did err in this regard.[9] However, the Bankruptcy Court also set forth the substantive reasons for denial of the

---

[4] Fed. R. Bankr. P. 8013.

[5] Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (citation omitted).

[6] Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n.8 (3d Cir. 2000).

[7] Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

[8] Index of Record on Appeal Doc. No. 88 at 2.

[9] In re Taylor, 343 F. App'x 753, 755 n.1 (3d Cir. 2009) (noting that "the Supreme Court held that certain Federal Rules which purport to prescribe mandatory filing conditions are not 'jurisdictional' and that defenses based upon failure to comply with them can be waived.") (citing Bowles v. Russell, 551 U.S. 205, 209-13 (2007); Eberhart v. United States, 546 U.S. 12, 17-18 (2005); Kontrick v. Ryan, 540 U.S. 443, 452-56 (2004)). As stated in note 2,

3

motion for reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[10] A motion for reconsideration should be granted only if: 1) there is an intervening change in the controlling law; 2) new evidence not previously available to the movant emerges; or 3) there is a need to correct a clear error of law or fact or to prevent manifest injustice.[11] The Bankruptcy Court had granted the motion to dismiss and denied the motion to reconvert because Appellant failed to file the required monthly operating reports after the case was converted to Chapter 11, or the plan of reorganization as required by the Bankruptcy Court, and failed to meet with the Trustee.[12] At the hearing on the motion for reconsideration, Appellant acknowledged that, with some exceptions, he failed to file monthly operating reports from March 2010 to September 2011, while proceeding in Chapter 12.[13] These failures constituted reason to dismiss the bankruptcy case and to deny the motion to reconvert.[14] The Bankruptcy Court on reconsideration held that there was no basis for finding that the earlier orders were in error or the result of mistake, and found that Appellant accepted no responsibility

---

*supra*, the time limit for appeal in Fed. R. Bankr. P. 8002(a) is jurisdictional, however, because that time limit "has its roots in a congressionally-enacted statute," specifically, 28 U.S.C. § 158. Taylor, 343 F. App'x at 755 n.1; Caterbone, 640 F.3d at 111.

[10] Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

[11] Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

[12] Supplemental Index of Record on Appeal Doc. No. 7 at 26-27.

[13] Supplemental Index of Record on Appeal Doc. No. 8 at 34-35.

[14] 11 U.S.C. § 1112(b); 11 U.S.C. § 1208(c).

for having failed to provide the required information.[15]

In his briefs on appeal, Appellant fails to address the standard for reconsideration, and presents no clear argument. To the extent that the briefs are comprehensible, Appellant argues in one brief that the Trustee, motivated by discrimination against Appellant's Christian faith, lied to the Bankruptcy Court that Appellant failed to meet with the Trustee and that "Portnoff Law Offices" violated the Automatic Stay.[16] In another brief, Appellant argues that the conversion to Chapter 12 was forced by a fraudulent judgment against him obtained by MCI WorldCom, and that he attempted to meet with the Trustee, without success.[17] None of these arguments provides a basis for reversing the order of the Bankruptcy Court.

There is nothing at all in the record to support the accusation of religious bias,[18] and no evidence that the Trustee lied to the Bankruptcy Court. Appellant had the opportunity to explain to the Bankruptcy Court why he had not met with the Trustee; it is uncontested that the meetings did not occur and that Appellant failed to file the required monthly reports and reorganization plan.[19]

---

[15] Supplemental Index of Record on Appeal Doc. No. 8 at 52-56. Although the Bankruptcy Court stated the standard for relief under Federal Rule of Civil Procedure 60 instead of Rule 59(e), that makes no substantive difference in the correctness of the ruling.

[16] Doc. No. 14 at 1-2.

[17] Doc. No. 17 at 1-2.

[18] Appellant claims that the Trustee failed to respond when Appellant wished the Trustee "Merry Christmas." Doc. No. 14 at 1

[19] Supplemental Index of Record on Appeal Doc. No. 8 at 33-45.

The communications from "Portnoff Law Associates, Ltd." appear to relate to a property in Whitehall, Pennsylvania.[20] The Bankruptcy Court explained at the time it denied the motion for reconsideration that it had dismissed without prejudice actions that Appellant filed against Whitehall Township, and Appellant does not explain how this was error or what relevance this has to the appeal.[21]

The Bankruptcy Court denied an earlier motion to cancel the MCI WorldCom Judgment for fraud,[22] and it appears no appeal was taken from this order. Moreover, as the Bankruptcy Court noted at the hearing on the motion for reconsideration, the MCI WorldCom judgment against Appellant is on the record in Lehigh County, Pennsylvania, and Appellant has taken no steps to vacate that judgment.[23]

Finally, to the extent that Appellant argues that the Bankruptcy Court failed to consider his *pro se* status, that claim is belied by a review of the record in this case and the Bankruptcy Court docket, which shows that the Bankruptcy Court fully considered Appellant's *pro se* status and for nearly two years attempted every reasonable accommodation.[24] A *pro se* debtor still must

---

[20] Doc. No. 14 at Ex. 9.

[21] Appellant's argument that the Portnoff law firm has violated the automatic stay appears to be based on letters from the firm from April 2012, attempting to collect a debt and communicating with regard to a Sheriff's sale. Doc. No. 14 at Ex. 9. As these documents were sent after the dismissal of the bankruptcy case and during the pendency of this appeal, they are not properly before the Court.

[22] Index of Record on Appeal Doc. No. 56.

[23] Index of Record on Appeal Doc. No. 8 at 18-19.

[24] See, e.g., Index of Record on Appeal Doc. 29 (March 31, 2011 order in response to Trustee's motion to dismiss, directing Appellant to correct missing, erroneous, or incomplete information); Index of Record on Appeal Doc. No. 36 (May 4, 2011 order warning Appellant that failure to file all required documents constituted grounds for dismissal); Index of Record on Appeal Doc. No. 49 (July 19, 2011 order granting Appellant's motion for reconsideration of order dismissing Chapter 12 case and scheduling hearing).

comply with the requirements of the Bankruptcy Code, and the debtor here did not.[25]

## IV. CONCLUSION

Having considered fully the briefs and the record on appeal, and having determined that oral argument is not necessary in this case,[26] the Court will affirm the order of the Bankruptcy Court. An order will be entered.

---

[25] See, e.g., In re Nardi, No. 91-4864, 1991 WL 255681, at *4 (E.D. Pa. Nov. 25, 1991) ("While we recognize that courts have an obligation to make reasonable allowances to protect the rights of *pro se* litigants, *pro se* litigants are not entitled to any special treatment under the Bankruptcy Code. *Pro se* litigants are expected to abide by the rules of the court in which they litigate.") (citations omitted).

[26] Fed. R. Bankr. P. 8012.